IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    **Plaintiff**,<br><br>    v.<br><br>[4] ANGEL TORRES-MAYMI,<br>[8] CARLOS SOLIS-GUZMAN,<br>[13] GABRIEL BARANDA-COLLAZO,<br>[15] MARCO ANTONIO AMBERT-TORRES,<br>[19] ADELINZY GRACE-VAZQUEZ,<br><br>    **Defendants**. | CRIMINAL NO. 14-109 (JAG) |

OPINION AND ORDER

Garcia-Gregory, D.J.

On February 9, 2015, Defendant Adelinzy Grace-Vazquez filed a Motion to Dismiss the Indictment Pursuant to the *Ex Post Facto* Protection and the Due Process Clause of the U.S. Constitution ("First Motion") and a Motion to Dismiss for Lack of Jurisdiction ("Second Motion"). Docket Nos. 390-391. Defendants Angel Torres-Maymi and Carlos Solis-Guzman have adopted Defendant Grace-Vazquez's Motions (collectively "Defendants"). Docket Nos. 392 & 395. Defendant Marco Antonio Ambert-Torres and Defendant Gabriel Baranda-Collazo, while charged in separate counts involving a different set of facts, also adopted the underlying analysis of Defendant Grace-Vazquez's Motions. Docket Nos. 406 & 410. The Government duly opposed both Motions. Docket No. 411. Defendant Grace-Vazquez, in turn, filed a timely Reply

Crim. No. 14-109 (JAG)                                                                                                              2

to the Government's Opposition. Docket No. 415. For the reasons stated below, the Defendants' Motions are hereby **DENIED.**

## BACKGROUND

On February 12, 2014, the Grand Jury returned an eleven count indictment in the instant case against twenty individuals, including Defendants. Docket No. 3. Defendants have been charged, in relevant part, with violating 18 U.S.C. § 1014, specifically, for aiding and abetting in making material false statements to Doral Bank for the purpose of obtaining a mortgage loan on or about and between January 14 and January 31, 2008. Id. According to the evidence on the record, it was Doral Mortgage LLC, a wholly-owned subsidiary of Doral Bank, that handled the loan application process and approved the mortgage loans. Docket No. 391 at 2; Docket No. 411 at 6-7. Once the loans were approved, it was Doral Bank that finally issued and serviced the approved loans. Id.

The Indictment does not make any references to Doral Mortgage LLC and, instead, describes Doral Bank as a "mortgage lending institution," which in turn is said to "include an institution whose principal business is to originate, finance, close, sell and/or service real estate property mortgage loans." Docket No. 3 at 2. The term "mortgage lending institution" was added in 2009 to the categories of covered institutions in 18 U.S.C. § 1014.

In light of the fact that the alleged criminal conduct preceded the 2009 amendment, Defendants filed the First Motion alleging violations to the *Ex Post Facto* Clause and Due Process Clause of the U.S. Constitution. Docket No. 390. In their First Motion, Defendants contend that the Indictment must be dismissed on the grounds that a mortgage lending business was not a covered institution in 2008 and, thus, their actions could not have possibly constituted a federal offense. Id. Defendants also filed a Second Motion requesting the Indictment's dismissal for lack of jurisdiction. Docket No. 391. In this Second Motion, Defendants argue that there is no

jurisdiction in this case because the Indictment fails to allege that the false statements were made for the purpose of influencing in any way the actions of a covered institution. Id. The Government claims, *inter alia*, that Doral Bank is in fact a covered institution under 18 U.S.C. § 1014 and that Defendants' actions ultimately exposed Doral Bank to a risk of loss. Docket No. 411. Therefore, according to the Government, the Indictment is sufficient and should not be dismissed. Id.

## DISCUSSION

The U.S. Constitution provides that "*ex post facto* criminal laws are not to be tolerated." United States v. Vazquez-Rivera, 135 F.3d 172, 177 (1st Cir. 1998). This prohibition applies to "every law which makes criminal an act done before its enactment which was legal when performed . . . or otherwise, any change in a law in relation to the offense or its consequences, that alters the situation of a party to his disadvantage." Breest v. Helgemoe, 579 F.2d 95, 102 (1st Cir. 1978) (citations omitted). The underlying purpose of this constitutional ban is to ensure that criminal statutes "give fair warning of their effect and permit individuals to rely on their meaning until explicitly changed." Weaver v. Graham, 450 U.S. 24, 29 (1981) (citations omitted). This "fair warning" requirement is also inherent in U.S. Constitution's Due Process Clause. Id.

Section 1014 prohibits, in relevant part, "knowingly mak[ing] any false statement or report, or willfully overvalu[ing] any land, property or security, for the purpose of influencing in any way the action of . . . any institution the accounts of which are insured by the Federal Deposit Insurance Corporation, . . . or a mortgage lending business . . . ." 18 U.S.C. § 1014. As it was already mentioned, the phrase "mortgage lending business" was not part of the statute when the charged conduct took place. Instead, the Fraud Enforcement and Recovery Act of 2009 amended § 1014 to include mortgage lending businesses as a covered financial institution. Pub. L. No. 111-21, § 2, 123 Stat. 1617.

Defendants' argument —namely, that the charged conduct did not constitute a federal offense because the false statements were not made to an institution protected in the 2008 version of the statute— misses the point. As the Government points out in its Opposition, the First Circuit's decision in United States v. Graham, 146 F.3d 6 (1st Cir. 1998) flatly rejects Defendants' position. In Graham, the defendant worked as a mortgage account executive for Dime Real Estate Services of New Hampshire ("Dime-NH"), which was a wholly-owned subsidiary of Dime Savings Bank of New York ("Dime-NY"). Id. at 8. The defendant in that case submitted false statements to the bank's underwriters in Massachusetts ("Dime-MA"). Once the loans were approved, the mortgages were assigned to and financed by Dime-NY, which was in fact a federally insured bank. Id. The defendant argued in Graham that because she was operating out of Dime-NH and submitted her statements to Dime-NH and Dime-MA, which were not federally insured institutions, the "government failed to prove that her purpose was to influence a federally insured bank." Id. at 10. The First Circuit rejected this argument on the basis that, although the statements were made to wholly-owned subsidiaries that were not federally insured, it was Dime-NY that ultimately provided the funding for the loans and, thus, was exposed to a risk of loss. Id. at 10-11. The First Circuit finally held that the government's evidence was sufficient to support the defendant's conviction under § 1014. Id. at 11.

Like in Graham, Defendants submitted the alleged false statements in their mortgage loan applications to a wholly-owned subsidiary that was not federally insured —i.e., Doral Mortgage LLC.[1] Similarly, once the loans were approved, a federally insured bank —that is, Doral Bank— became the mortgage loans' servicer.[2] It follows that Defendants' alleged actions exposed Doral Bank to a risk of loss in violation of § 1014.

---

[1] Doral Mortgage LLC is not insured by the Federal Deposit Insurance Corporation. Docket No. 411, Ex. 1.
[2] Doral Bank has been insured by the Federal Deposit Insurance Corporation since 1993. Id. It follows that the bank was a covered institution at the time when the charged conduct allegedly took place.

The First Circuit stated in Graham:

> [T]he government does not have to show the alleged scheme was directed solely toward a particular institution; it is sufficient to show that defendant knowingly executed a fraudulent scheme that exposed a federally insured bank to a risk of loss. United States v. Brandon, 17 F.3d 409, 426 (1st Cir. 1994) . . . (citing United States v. Barakett, 994 F.2d 1107, 1110-11 (5th Cir. 1993); United States v. Morgenstern, 933 F.2d 1108, 1114 (2d Cir. 1991)). In this case as in Brandon, *proof that [Defendant] knew she was defrauding a bank was sufficient to prove a violation of the statute.*

Id. at 10-11 (internal quotation marks and parenthetical omitted) (emphasis added). This statement cannot be any clearer. The fact that Doral Mortgage LLC handled the loan applications containing the alleged false statements is immaterial. See id. at 10 (quoting Brandon, 17 F.3d at 426) (holding that the government need not "prove that a defendant knows which particular bank will be victimized by his fraud as long as it is established that a defendant knows that a financial institution will be defrauded").

Defendants cannot argue —and indeed they do not— that they did not know that their alleged false statements would expose Doral Bank to a risk of loss. The record clearly demonstrates that the loan disbursement checks were drawn from Doral Bank. Docket No. 411, Exs. 4-6. Furthermore, Defendants knew, pursuant to the Notice of Transfer of Mortgage Servicing Rights signed during the closing, that Doral Bank was the loans' servicer. Id., Ex. 2. Consequently, Defendants knew that making false statements to obtain a mortgage loan would influence Doral Bank to lend money to the property's buyer. This is precisely what the statute prohibits.

Perhaps because Graham is fatal to Defendants' position, the only occasion in which Graham is discussed is in the Reply to the Government's Opposition. Docket No. 415 at 8. Defendant Grace-Vazquez briefly argues that Graham is inapposite to this situation because the entity to which the false statements were made in that case was federally insured. Id. This is

simply not true. As it was already discussed, the defendant in Graham submitted the false statements to Dime-NH and Dime-MA, which were not federally insured, but rather wholly-owned subsidiaries of a federally insured bank. 146 F.3d at 8, 10-11. Therefore, Defendants inexplicably failed to show how their position could be reconciled with the First Circuit's definite ruling in Graham.

Defendant's Motions merely seek "to sanitize their [alleged] fraud by interposing an intermediary or an additional victim between their [alleged] fraud and the federally insured bank." Brandon, 17 F.3d at 426. Defendants conveniently do this because Doral Mortgage LLC, unlike Doral Bank, was not a covered institution in 2008. This Court, however, rejects this unfounded attempt. The Court agrees with the Government's position that § 1014 does not require the charged conduct to be directed solely toward a particular institution. Since Defendants' alleged statements were made for the purpose of influencing a covered institution to finance the mortgage loans, this Court holds that the Indictment does not offend the constitutional ban on *ex post facto* criminal laws.

Defendants also argue that the Indictment must be dismissed for lack of jurisdiction because they were charged with making false statements to a mortgage lending business, as opposed to making false statements for the purpose of influencing in any way the actions of a federally insured bank. Docket No. 391 at 3. Defendants claim that it is clear from the face of the Indictment that no federal offense has been properly charged. Id. Defendants' arguments boil down to these two facts: 1) the Indictment's failure to include the phrase "for the purpose of influencing in any way the actions of;" and 2) the Government's mistake in defining Doral Bank as a mortgage lending business, as opposed to as a federally insured bank. The Court holds that the Indictment properly contains the elements of § 1014 and that the Government's mistake does not warrant the dismissal of the Indictment.

It is well-established that "an indictment is sufficient if it, first contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." Hamling v. United States, 481 U.S. 87, 117 (1974). To obtain a conviction under § 1014 in this case, the Government is required to prove that: 1) the defendant made a false statement; 2) the defendant acted knowingly in doing so; and 3) the false statement was made for the purpose of influencing a covered institution to act on the loan. Williams v. United States, 458 U.S. 279, 284 (1982). The Indictment charges Defendants with "aiding and abetting each other, *knowingly* made or caused to be made, *material false statements to Doral Bank for the purpose of obtaining [a] mortgage loan . . . for the purchase of a property . . . .*" Docket No. 3 at 11 (emphasis added). As it was already discussed, although Doral Mortgage handled the loan applications containing the false statements, such statements were made for the purpose of influencing Doral Bank —a covered institution under the statute— to lend the money for the purchase of a property.

The Indictment's omission of the words "for the purpose of influencing in any way the action of" and its failure to define Doral Bank as an "institution the accounts of which are insured by the Federal Deposit Insurance Corporation" do not mean that the Indictment is insufficient as a matter of law. This is because the absence of verbatim text from the statute does not render the Indictment invalid. See, e.g., United States v. Villarreal, 707 F.3d 942, 957-58 (8th Cir. 2013) ("An indictment need not use the specific words of the statute, so long as 'by fair implication' it alleges an offense recognized by law.") (citations omitted). The Court finds that the Indictment did not omit any essential elements of the charged offense and that any mistakes on the part of the Government were "of form" only. Id. ("To determine whether an essential element has been omitted, a court may not insist that a particular word or phrase appear in the indictment when the element is alleged 'in a form' which substantially states the element.")

(citations omitted). In conclusion, the Court holds that the Indictment's reference to the statute, along with the allegations made as to each element of § 1014, provided a fair warning to the Defendants of the charges against them.

**Defendant Ambert Torres and Defendant Baranda-Collazo's Motions to Adopt**

On February 16, 2015, Defendant Marco Antonio-Ambert Torres filed a Motion to Adopt Defendants' Motions to Dismiss. Docket No. 406. Defendant Baranda-Collazo did the same thing on February 17. Docket No. 410. Both are being charged with knowingly making material false statements to Banco Bilbao Vizcaya Argentaria ("BBVA") for the purpose of obtaining a mortgage loan for the purchase of a property. The Court takes judicial notice of the fact that BBVA, as a depository institution, was a federally insured bank at the time of the charged conduct.[3] Fed. R. Evid. 201(b)(2); see Total Petroleum Puerto Rico Corp. v. Torres-Caraballo, 672 F. Supp. 2d 252, 256-57 (D.P.R. 2009). In other words, Defendant Ambert-Torres and Defendant Baranda-Collazo are being properly charged with making false statements for the purpose of influencing a covered institution to lend money for the purchase of property. Therefore, while the mortgage loan was not obtained from Doral Bank, the reasoning in this Opinion and Order applies with equal force to their situation.

## CONCLUSION

For the reasons stated above, the Court hereby **DENIES** the Motion to Dismiss Pursuant to the *Ex Post Facto* Protection and the Motion to Dismiss for Lack of Jurisdiction.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 20th day of March, 2015.

---

[3] BBVA's FDIC Certificate ID is 19919. It has been insured by the Federal Deposit Insurance Corporation since March 20, 1969 and became inactive in 2012 when it merged into Oriental Bank and Trust. See Federal Deposit Insurance Corporation, Directory: History of Banco Bilbao Vizcaya Argentaria Puerto Rico, http://research.fdic.gov/bankfind/detail.html?bank=19919&name=Banco+Bilbao+Vizcaya++Argentaria+Puerto+Rico&tabId=3&searchName=Banco+Bilbao+Vizcaya++Argentaria+Puerto+Rico (last visited March 19, 2015).

                                            <u>S/ Jay A. Garcia-Gregory</u>
                                            JAY A. GARCIA-GREGORY
                                            United States District Judge